ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

STEVEN SINGLETON,

        Petitioner,

    -v-                                    No. 03 Civ. 1446 (LTS) (HBP)

C. DAVIS, Superintendent,
Otisville Correctional Facility,

        Respondent.

----------------------------------------------------------x

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION**

        On August 25, 2006, Magistrate Judge Henry B. Pitman issued a Report and Recommendation ("Report") recommending that the March 3, 2003, pro se petition of Steven Singleton ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be granted. Timely objections to the Report were received from Petitioner and from Respondent C. Davis, the Superintendent of the Otisville Correctional Facility.

        When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will

Copies mailed to counsel of record + MJ
Chambers of Judge Swain   1.18.07

review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

The Court has considered thoroughly all of the Petitioner's and Respondent's arguments in support of their objections, and has considered de novo all of the points raised. For substantially the reasons set forth in Judge Pitman's thorough and well-reasoned Report, the Court adopts all of Judge Pitman's recommended conclusions **with the exception** of his conclusion that the state court's application of the Strickland v. Washington, 466 U.S. 668 (1984), standard was unreasonable with respect to Petitioner's attorney's failure to object to inadmissable hearsay that bolstered the complainant's testimony. With respect to that conclusion, the Court notes that the requisite level of deference to the state court's determination is very high. See 28 U.S.C. § 2254 (d)(1). Although the Court is far from convinced that it would have reached the same conclusion as the state court in weighing counsel's proffered strategic justification and finds Judge Pitman's analysis of the merits thoughtful and compelling, the Court cannot conclude that the state court's application of Strickland was objectively unreasonable. The Court respectfully disagrees with Judge Pitman on that one issue. The Court therefore declines to adopt his recommended resolution of the issue regarding the state court's application of Strickland to trial counsel's handling of the medical records and prompt outcry

Case 1:03-cv-01446-LTS-HBP   Document 33   Filed 01/18/07   Page 3 of 4

hearsay issues. As that is the only ground on which Judge Pitman recommended granting the writ, the writ will be denied.

## CONCLUSION

Judge Pitman's Report and Recommendation is hereby adopted as to all points with the exception of his conclusion that the state court's application of the Strickland v. Washington standard was unreasonable with respect to Petitioner's attorney's failure to object to inadmissable hearsay that bolstered the complainant's testimony. The petition for a writ of habeas corpus is, accordingly, denied. Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West Supp. 2006). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West Supp. 2006); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability).

The Court finds that Petitioner will not be able to sustain this burden, with respect to any issue other than the hearsay argument discussed above (i.e., that the state court's application of the Strickland v. Washington standard was unreasonable with respect to Petitioner's attorney's failure to object to inadmissable hearsay that bolstered the complainant's

testimony). Thus, the Court will issue a certificate of appealability as to Petitioner's hearsay argument, and will also grant Petitioner *in forma pauperis* status for an appeal on that issue.

SO ORDERED.

Dated: New York, New York
January 18, 2007

LAURA TAYLOR SWAIN
United States District Judge